UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-20713-GAYLES/OTAZO-REYES

RICHARD KURZBAN,

        Plaintiff,

v.

SPECIALIZED LOAN SERVICING, LLC,

        Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Specialized Loan Servicing, LLC's Motion to Dismiss Amended Complaint [ECF No. 21]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Court grants the Motion.

## BACKGROUND

On December 21, 2005, Plaintiff Richard Kurzban ("Plaintiff") and his wife, Dalain Kurzban, executed a Note and Mortgage in favor of Countrywide Home Loans, Inc., for the property at issue in this action (the "Property").[1] [ECF No. 13-3]. On March 22, 2012, the Mortgage was assigned to The Bank of New York Mellon (the "Bank"). [ECF No. 13-4]. Defendant Specialized Loan Servicing, LLC ("Defendant"), is the loan servicer.

---

[1] Plaintiff does not specifically reference the Mortgage in the Amended Complaint, but does allege that the Bank has filed an action to foreclose on the Property and that he submitted a loss mitigation application — necessarily implicating the Mortgage. Defendant attached the Mortgage, subsequent assignments, and the Bank's foreclosure complaint to its initial motion to dismiss. Plaintiff has not disputed the authenticity of these documents. Accordingly, the Court considers them in making its ruling. *See Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

The Mortgage provides in pertinent part:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

[ECF No. 13-3].

In 2009, Plaintiff filed for bankruptcy, obtained a discharge of his debt under the Note and Mortgage, and agreed to surrender the Property. On February 4, 2016, Defendant sent Plaintiff a Notice of Default and Notice of Intent to Foreclose demanding that Plaintiff pay $193,520.77 within 33 days or risk a foreclosure action. [ECF No. 15]. On March 29, 2016, the Bank filed an action seeking to foreclose on the Property. [ECF No. 13-4]. On December 9, 2016, Plaintiff sent Defendant a loss mitigation application.

In Count I of the Amended Complaint, Plaintiff alleges that Defendant failed to timely acknowledge receipt of the loss mitigation application in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). In Count II of the Amended Complaint, Plaintiff alleges that Defendant's Notice of Default letter included time-barred debts and other improper fees in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Finally, in Count III of the Amended Complaint, Plaintiff alleges that Defendant failed to properly respond to a Qualified Written Request and Notice of Error in violation of RESPA. Defendant has moved to dismiss on several grounds, including that Plaintiff failed to

comply with the terms of the Mortgage and provide Defendant with notice and an opportunity to cure the alleged RESPA and FDCPA violations.[2]

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997). In reviewing a 12(b) motion, the Court is largely limited to the allegations in the Complaint and the attached exhibits. However, "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

---

[2] Because the Court is dismissing this action based on Plaintiff's failure to comply with the notice and cure provisions of the Mortgage, it does not address Defendant's other grounds for dismissal.

## DISCUSSION

Plaintiff does not dispute that he did not provide Defendant with notice of the purported RESPA and FDCPA violations and an opportunity to cure those violations prior to filing this action. Rather, Plaintiff contends that this action does not relate to the Mortgage and that, even if it did, the notice-and-cure provision does not apply to Defendant. The Court disagrees.

"The notice and cure provision of a mortgage bars a plaintiff's claims where it 'applies by its terms to [the] action.'" *Charles v. Deutsche Bank Nat'l Trust Co.*, No. 15-cv-21826-KMM, 2016 WL 950968, at * 2 (S.D. Fla. Mar. 14, 2016) (quoting *St. Breux v. U.S. Bank, Nat'l Ass'n*, 919 F. Supp. 2d 1371 (S.D. Fla. 2013); *see also Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001) (holding that a claim "relates to" a contract when "the dispute occurs as a fairly direct result of the performance of contractual duties"). Plaintiff's RESPA and FDCPA claims clearly relate to the Mortgage. Indeed, Count I arises out of Plaintiff's attempts to modify the Mortgage to avoid foreclosure. Count II arises out of Defendant's notice to Plaintiff that the Mortgage is in default and Count III arises out of alleged errors in the default amounts. There can be no doubt that the notice-and-cure provision applies to these claims. *See Sotomayor v. Deutsche Bank Nat'l Trust Co. et al.*, No. 15-cv-61972, 2016 WL 3163074, at *2-3 (S.D. Fla. Feb. 5, 2016) (enforcing notice-and-cure provision to bar claims for alleged violations of the FDCPA arising from allegedly inflated property inspection fees and a payoff statement that was inaccurate due to the inclusion of the inflated fees); *Charles,* 2016 WL 950968, at * 3 (enforcing notice-and-cure provision to bar claims against loan servicer for alleged violations of the FDCPA and RESPA arising from purportedly inflated property inspection fees); *Sandoval v. Wolfe*, No. 16-61856-CIV-Dimitrouleas, 2017 WL 244111, at *3–4 (S.D. Fla. Jan. 19, 2017) (dismissing plaintiff's RESPA and FDCPA claims for failure to comply with notice-and-cure provision).

4

Plaintiff also contends that because Defendant is a servicer and not a party to the Mortgage, the notice-and-cure provision does not apply. However, Courts in this district consistently hold that a notice-and-cure provision in a mortgage applies to actions against a servicer. *See Pierson v. Ocwen Loan Servicing, LLC*, No. 16-cv-62840, 2017 WL 634164, at \*3 (S.D. Fla. Feb. 16, 2017) ("Contrary to the position taken in Plaintiff's Response . . . the notice and cure provision of the underlying mortgage is applicable to claims against Defendant as servicer of the loan despite Defendant not being a party to the underlying contract."); *Sotomayor*, 2016 WL 3163074 at \*2-3 (holding that notice-and-cure provision applied to action against loan servicer); *Charles*, 2016 WL 950968, at \*3–4. Accordingly, the Court finds that the notice and cure provision of the Mortgage applies to Plaintiff's claims against Defendant. Because Plaintiff failed to provide Defendant with notice of the purported violations and a reasonable opportunity to cure those violations, the action must be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Specialized Loan Servicing, LLC's Motion to Dismiss Amended Complaint [ECF No. 21] is **GRANTED**. This action is **DISMISSED** without prejudice.
2. This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of March, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE